## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JESUS DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| THOMPSON & SONS AUTO WRECKING | ) | |
| & TOWING, INC. d/b/a THOMPSON & | ) | Magistrate Judge |
| SONS AUTO PARTS and KENNETH | ) | |
| THOMPSON, individually, | ) | **Jury Trial Requested** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Jesus Diaz ("Plaintiff"), through his attorneys, Barlow, Kobata & Denis LLP, for his Complaint against Defendants Thompson & Sons Auto Wrecking & Towing, Inc. d/b/a Thompson & Sons Auto Parts and Kenneth Thompson, individually (hereafter "Defendants"), states as follows:

I.      NATURE OF ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Portal-to-Portal Act, 29 U.S.C. § 251 et seq., and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL") for Defendants' failure to pay overtime to Plaintiff. During the course of his employment, Plaintiff routinely worked in excess of forty (40) hours a week, but was not paid for all overtime hours worked. Defendants' actions were and are willful and had the effect of denying Plaintiff his overtime pay. This lawsuit also involves Defendants' retaliatory discharge of Plaintiff because he sought to be paid overtime pay under the FLSA and the IMWL and because he sought to file a claim under the Illinois Workers' Compensation Act.

1

II.    JURISDICTION AND VENUE

2.    Federal jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., including §§ 206 and 207 and the Portal-to-Portal Act, 29 U.S.C. § 251 et. seq. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue lies in the Northern District of Illinois in that the Defendants engage in business in this district.

III.    PARTIES

4.    Defendant Thompson & Sons Auto Wrecking & Towing, Inc. d/b/a Thompson & Sons Auto Parts (herein "Defendant Thompson & Sons") is an Illinois corporation that provides auto recycling services and auto parts in the Chicagoland area.

5.    Defendant Kenneth Thompson (herein "Defendant Polackal") is the owner, president, and registered agent of Defendant Thompson & Sons. He manages and operates Defendant Thompson & Sons and directed the work of the Plaintiff.

6.    The Plaintiff resides in the Northern District of Illinois. He was employed by the Defendant for approximately nine (9) years until he was terminated on June 23, 2015.

7.    At all relevant times herein, Plaintiff is a former employee of Defendants.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

FACTUAL ALLEGATIONS

8.    Paragraphs 1-7 are re-alleged and incorporated as though set forth fully herein.

9.    At all pertinent times to this cause of action, Plaintiff was employed by Defendants, said employment being integral and indispensable to Defendants' business.

10.    At all pertinent times Defendants have continuously been and are "employer[s] in an industry affecting commerce" within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

11.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

12.     Plaintiff has signed a Consent to Become a Party Plaintiff under the FLSA, a copy of which is attached hereto as Exhibit A.

13.     During his employment, Plaintiff worked more than forty (40) hours in a single work week.

14.     On the occasions when Plaintiff worked more than forty (40) hours in a single work week, he was not paid for all those hours in excess of 40 hours at a rate of one and one-half times his regular rate of pay.

15.     Pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.,* and the Portal-to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff is entitled to compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours, in any week, during the two (2) years preceding the filing of this Complaint.

16.     Defendants' failure to pay overtime compensation at the rate of one and one-half times Plaintiff's regular rate of pay for all hours worked over forty (40) in a work week is a violation of the FLSA.

17.     Defendants have at all times relevant hereto failed and refused to pay overtime compensation to Plaintiff at a rate of one and one-half times his regular hourly wage rate for all hours worked over forty (40) in a work week, all as required by the FLSA.

18.     Plaintiff complained to the Defendants about Defendants' unlawful failure to pay him overtime wages for all hours worked in excess of forty (40) in individual work weeks.

19.     After Plaintiff complained to Defendants about Defendants' unlawful failure to pay him overtime wages for all hours worked in excess of forty (40) in individual work weeks, Defendants retaliatorily terminated Plaintiff on June 23, 2015.

20.     Plaintiff's June 23, 2015, termination was in retaliation for his complaints to Defendants and violated Section 15(a)(3) of the FLSA.

WHEREFORE Plaintiff respectfully requests this Court to enter an order as follows:

A.      the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to the Plaintiff;

B.      awarding a judgment equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

C.      awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

D.      awarding Plaintiff compensatory and punitive damages with respect to his discharge;

E.      ordering Defendants to make whole Plaintiff by providing him appropriate lost earnings and benefits with pre-judgment and post-judgment interest, and other affirmative relief, including front pay;

F.      awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

G.      for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

21.     Paragraphs 1-20 are re-alleged and incorporated as though set forth fully herein.

22.     Defendants continue a pattern of deliberate, intentional, and willful violation of the FLSA.

23.     Pursuant to the FLSA, Plaintiff is entitled to compensation at a rate of not less than one and one-half times his regular rate of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A.      awarding a judgment equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

B.      awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

C.      awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

D.      for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES

24.     Paragraphs 1-23 are re-alleged and incorporated as though set forth fully herein.

25.     In denying Plaintiff compensation at a rate of one and one-half times his regular rate for all hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

26. The Plaintiff is entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A. awarding liquidated damages equal to the amount of all unpaid overtime compensation;

B. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

C. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

**COUNT IV**
**SUPPLEMENTAL STATE COURT CLAIM**
**ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.***

27. Paragraphs 1- 26 are re-alleged and incorporated as though set forth fully herein.

28. There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 *et. seq.*, which requires employers to pay to employees a minimum wage and a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

29. This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. § 1367.

30. At all relevant times herein, Defendants were employers as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an employee within the meaning of that Act.

31.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

32.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at a rate one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per week. Defendants failed and refused to pay Plaintiff overtime pay for hours worked in excess of forty (40) in a single work week.

33.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

34.     The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wages, without qualification.

35.     The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

36.     Defendants' failure to pay Plaintiff time and one-half for all hours worked in excess of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

37.     Plaintiff complained to the Defendants about Defendants' unlawful failure to pay him overtime wages for all hours worked in excess of forty (40) in individual work weeks.

38.     After Plaintiff complained to Defendants about Defendants' unlawful failure to pay him overtime wages for all hours worked in excess of forty (40) in individual work weeks, Defendants retaliatorily terminated Plaintiff on June 23, 2015.

39.     Plaintiff's June 23, 2015, termination was in retaliation for his complaints to Defendants and violated the IMWL.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A.     a judgment in the amount of one and one-half times his hourly rate of pay for all hours which he worked in excess of forty (40) hours per week;

B.     punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

D.     awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of that Act;

E.     awarding Plaintiff compensatory and punitive damages with respect to his discharge;

F.     ordering Defendants to make whole Plaintiff by providing him appropriate lost earnings and benefits with pre-judgment and post-judgment interest, and other affirmative relief, including front pay;

G.     for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT V
## WRONGFUL DISCHARGE IN VIOLATION
## OF ILLINOIS PUBLIC POLICY

40.     Paragraphs 1- 7 are re-alleged and incorporated as though set forth fully herein.

41.     This Court has jurisdiction over this Illinois retaliatory discharge public policy wrongful discharge claim by virtue of 28 U.S.C. §1367.

42.     On approximately June 15, 2015, Plaintiff was injured on the job.

43.     Plaintiff's face was burned and his shoulder was injured as a result of his employment for Defendants, and he took time off from the Defendants because of his injury.

44.     Plaintiff reported his injury to Defendants and asked Defendants for their workers' compensation insurance information, but Defendants refused to provide that information.

45.     Illinois public policy and the Illinois Workers' Compensation act, 820 ILCS 305/4(h) prohibit an employer from interfering with an employee's workers' compensation rights and from discharging employees because they exercise their rights under the Illinois Workers' Compensation Act.

46.     Defendants had a duty under Illinois law not to discharge employees in violation of Illinois public policy.

47.     At all relevant times herein, Defendants were employers as defined in the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq*., and Plaintiff was an employee within the meaning of that Act.

48.     On June 23, 2015, Defendants fired Plaintiff because he injured himself while performing his job duties and then asked Defendants to pay him worker's compensation benefits.

49.     The reasons that Defendants gave for Plaintiff's discharge were pretextual and false.

50.     Defendants violated a clear mandate of Illinois public policy by unlawfully discharging Plaintiff on June 23, 2015. Defendants discharged Plaintiff in retaliation for requesting to be paid workers' compensation benefits in violation of Illinois' public policy.

51.     As a consequence of Defendants' wrongful discharge, Plaintiff has been damaged, including loss of wages, benefits, and emotional distress.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.


Dated: August 28, 2015                          ____*s/ Marty Denis*_____

                                                Marty Denis
                                                Bethany Hilbert
                                                Barlow, Kobata & Denis LLP
                                                525 West Monroe, Suite 2360
                                                Chicago, Illinois 60661
                                                (312) 648-5570